FILED

2013 AUG -6 A 9: 05

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

TEKGAR, LLC, a South Carolina
limited liability company,

    Plaintiff,

v.    Civil Action No. 1:13cv951-TSE/TRJ

SUSTAINABLE BIOFUELS
SOLUTIONS, LLC, a Delaware
limited liability company,

    Defendant.

_____/

## COMPLAINT

Plaintiff TekGar, LLC ("TekGar") files this Complaint against Defendant Sustainable Biofuels Solutions, LLC ("SBS" or "Defendant") and alleges as follows:

### PARTIES

1. TekGar is a South Carolina limited liability company with its principal place of business at 469 Bethlehem Church Road, Moore, South Carolina 29369.

2. SBS is a Delaware limited liability company with its principal place of business at 8619 Westwood Center Drive, Suite 420, Vienna, Virginia 22182.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. Further, this is an action for breaches of contract, trade secret misappropriation, and Lanham Act violations arising under the doctrine of pendant jurisdiction.

4. This Court has subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

5. SBS is subject to the personal jurisdiction of this Court because its principal place of business is in this district.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (d), and 1400(b).

## COMMON ALLEGATIONS

### I. *The Licensing Agreement Between TekGar and Defendant*

7. TekGar brings this action against SBS to safeguard its rights and interests in and to its innovative and proprietary technology. TekGar is a cutting-edge leader in converting waste or carbon-containing feedstock to synthetic diesel using a process known as microwave depolymerization. TekGar refers to this revolutionary technology as the "Micro Dee Technology."

8. TekGar owns all right, title and interest in United States Patent No. 8,361,282 (the "'282 Patent"), issued on January 29, 2013 and entitled a "System and Method Using a Microwave-Transparent Reaction Chamber for Production of Fuel from Carbon-Containing Feedstock." A copy of the '282 Patent is attached hereto as **Exhibit A**.

9. On or about January 19, 2012, TekGar and SBS executed a license agreement (the "License Agreement") to develop and commercialize certain intellectual property. A copy of the License Agreement and exhibits thereto are attached as **Exhibit B**.

10. Among other things, the intellectual property covered by the License Agreement includes the Micro Dee Technology and the '282 Patent, which at the time the License Agreement was executed was still a pending application (U.S. Patent Publication No. 20110036706).

11. Pursuant to the License Agreement, TekGar conveyed to SBS the right to use the Micro Dee Technology, and to make, have made, develop, use, lease, offer to sell, sell, import and export products that embody or practice the patented invention during the term of the License Agreement.

12. SBS expressly acknowledged in Article 2.3 of the License Agreement that "[a]ll right, title and interest in and to the [Micro Dee Technology and the '282 Patent] remain with TekGar." Except as specifically provided in the License Agreement, no other rights to the Micro Dee Technology or the '282 Patent are expressly or impliedly transferred or granted to SBS by implication, estoppel or otherwise.

## II. *TekGar Terminates the License Agreement Due to Defendant's Insolvency*

13. Pursuant to Article 9.3 of the License Agreement, TekGar had the right to immediately terminate the License Agreement if SBS became insolvent, dissolved, or filed a petition in bankruptcy.

14. By April 2013, TekGar learned that SBS was insolvent. Among other things, SBS had run out of cash, was unable to pay debts without an infusion of new capital, and was requiring its executives to accrue their salaries. In addition, Defendant's liabilities exceeded its assets.

15. SBS, through its officers and agents, including David Nash (president) and Mel Chiogioji (manager), on multiple occasions, both verbally and in writing, confirmed to TekGar SBS's financial distress and lack of cash.

16. As a result, TekGar exercised its rights under Article 9.3, and terminated the License Agreement in writing on May 7, 2013. A copy of the May 7, 2013 termination letter is attached hereto as **Exhibit C**.

### III. *SBS Continues to Use and Market Products Utilizing TekGar's Micro Dee Technology Despite TekGar Terminating the License Agreement*

17. Despite TekGar terminating the License Agreement, SBS has continued to use the Micro Dee Technology, and continues to make, have made, develop, use, lease, and offer to sell products that embody or practice at least one claim of the '282 Patent.

18. In a related case SBS filed in Delaware Court of Chancery (the "Delaware Case"), SBS admits that it needs the License Agreement to practice and sell the Micro Dee technology, yet it continues to use the technology without reservation despite the termination of the License Agreement.

19. Specifically, SBS has refused to return TekGar's Proprietary Information (as defined in the License Agreement) as it is required to do under Article 8 of the License Agreement, despite receiving TekGar's written request for the same. This information includes a physical embodiment of the Micro Dee Technology on a plant in North Carolina to which SBS has maintained exclusive access and has prevented TekGar from accessing.

20. Completely disregarding TekGar's termination of the License Agreement and TekGar's cease and desist letter, SBS has continued its unauthorized use of the Micro Dee machine at the North Carolina facility. Indeed, upon information and belief, SBS continues to represent to its customers and potential customers that the License Agreement is still in effect, and continues to demonstrate to its customers and to market, on its website and otherwise, the Micro Dee Technology.

21. Following the recent filing of the Delaware Case, SBS changed the technology description on its website to substitute what was previously referred to as "Micro Dee" technology to "Continuous Microwave Thermo Catalytic Depolymerization" or "CMD." A copy of the description on the SBS website *before* it was changed is attached to this Complaint as **Exhibit D**. A copy of the description on the SBS website *after* it was changed is attached to this Complaint as **Exhibit E**.

22. On its website, SBS represents that it owns this CMD technology and that the U.S. Patent and Trademark Office issued SBS a patent for its "CMD" technology. Undeniably, SBS continues to sell and/or offers to sell goods and services related to or derived from the Micro Dee Technology and the '282 Patent.

*IV. SBS Failed to Pay TekGar for Services Rendered Under the Parties' Management Agreement*

23. TekGar and SBS executed an agreement (the "Management Agreement"), whereby TekGar agreed to provide Defendant with certain services described therein, including research and development, engineering, and pre-sale testing. A copy of the Management Agreement is attached hereto as **Exhibit F**.

24. In return, SBS agreed to pay TekGar's costs and expenses incurred for the services TekGar performed and the work product it provided.

25. To date, TekGar has billed SBS over four hundred thousand dollars for services and work product it rendered under the Management Agreement from December 2011 to December 2012. SBS has breached its obligations under the Management Agreement by not rendering payment for the services and work product TekGar provided.

26. All conditions precedent to the institution of this lawsuit have been performed, waived, excused, or have occurred.

27. As a result of Defendant's wrongful conduct described in this complaint, TekGar has been required to retain the undersigned counsel to represent it in this action, and is obligated to pay them a reasonable fee for their services.

## COUNT I - INFRINGEMENT OF '282 PATENT

28. TekGar re-avers the allegations set forth in paragraphs 1-27 above as if fully set forth herein.

29. TekGar is the owner by assignment of the '282 Patent, duly and legally issued on January 29, 2013. A copy of the '282 Patent is attached hereto as **Exhibit A**.

30. The '282 Patent is directed toward systems and processes for producing fuel from carbon-containing feedstock.

31. In violation of 35 U.S.C. § 271(a), Defendant SBS is directly infringing one or more claims of the '282 Patent by making, having made, developing, using, selling, and/or offering to sell, directly or through intermediaries, in this district or

elsewhere in the United States, the Micro Dee Technology without the consent or authorization of TekGar.

32. Upon information and belief, in violation of 35 U.S.C. § 271(b), Defendant SBS has actively and knowingly, and continues to actively and knowingly, encourage and induce infringement of one or more claims of the '282 Patent by a third party.

33. Upon information and belief, SBS has contributorily infringed one or more claims of the '282 Patent in violation of 35 U.S.C. § 271(c), by developing, using, selling, and/or offering for sale products or services that constitute a component of the systems or processes claimed in the '282 Patent and that are not suitable for a substantial non-infringing use.

34. SBS has been and continues to willfully infringe one or more claims of the '282 Patent.

35. SBS's actions of infringement of the '282 Patent have injured and will continue to injure TekGar and TekGar is entitled to recover damages to compensate it for such infringement, but in no event less than a reasonable royalty.

36. As a result of SBS's infringement, TekGar has been injured and will suffer irreparable harm unless SBS's infringement is enjoined by this Court.

## COUNT II - BREACH OF LICENSE AGREEMENT

37. TekGar re-avers the allegations set forth in paragraphs 1-36 above as if fully set forth herein.

38. TekGar and SBS entered into a License Agreement to develop and commercialize certain intellectual property including, without limitation, the Micro Dee Technology. A copy of the License Agreement and exhibits thereto is attached as **Exhibit B.**

39. TekGar terminated the License Agreement pursuant to Article 9.3, and demanded the return of all Proprietary Information as required by Article 8.1(f).

40. SBS has breached the License Agreement by failing to return the Proprietary Information as required under Article 8.1(f). The Proprietary Information SBS has failed to return includes at least one physical embodiment of the Micro Dee Technology.

41. SBS has also breached the License Agreement by continuing to demonstrate and use the Micro Dee Technology at the North Carolina plant while denying TekGar access to the same.

42. As a result, TekGar has been injured and is entitled to damages.

### COUNT III - BREACH OF MANAGEMENT AGREEMENT

43. TekGar re-avers the allegations set forth in paragraphs 1-42 above as if fully set forth herein.

44. TekGar provided SBS certain services and work product pursuant to the terms of the Management Agreement attached hereto as **Exhibit F**.

45. Article 2 of the Management Agreement requires SBS to pay TekGar for the services performed and work product provided in an amount equal to its costs and substantiated expenses.

46. TekGar has billed SBS over four hundred thousand dollars for services and work product it rendered under the Management Agreement from December 2011 to December 2012.

47. SBS has breached the Management Agreement by failing to compensate TekGar as required under Article 2.

48. As a result, TekGar has been injured and is entitled to damages.

## COUNT IV - REVERSE PALMING OFF PURSUANT TO SECTION 43(a) OF THE LANHAM ACT

49. TekGar re-avers the allegations set forth in paragraphs 1-48 above as if fully set forth herein.

50. TekGar has common law rights to the mark Micro Dee and has used the mark in interstate commerce to identify its patented Micro Dee Technology.

51. Section 43(a) of the Lanham Act prohibits unfair competition by proscribing the false designation of goods and services which are likely to cause confusion or mistake as to the origin or nature of a product. This is often referred to as "reverse palming off" and is actionable under 15 U.S.C. § 1125(a)(1)(A).

52. SBS has misappropriated the Micro Dee Technology by falsely designating it on its website as the "Continuous Microwave Thermo Catalytic Depolymerization" machine or "CMD" machine, and by falsely claiming that SBS has obtained a patent for what it falsely claims is its CMD technology.

53. SBS's actions deprive TekGar from the value of its name and goodwill and have or are likely to cause confusion or mistake, or to deceive consumers as to the true source of the product.

54. As a result, TekGar has been injured and is entitled to damages.

## COUNT V - TRADE SECRET MISAPPROPRIATION

55. TekGar re-avers the allegations set forth in paragraphs 1-54 above as if fully set forth herein.

56. SBS received from TekGar certain trade secret information relating to the Micro Dee Technology under the confidentiality provision of the License Agreement, including, without limitation, proprietary information on how to make the Micro Dee machine, as well as the operating parameters and procedures necessary to effectively and efficiently run the machine.

57. Since the termination of the License Agreement, SBS has continued to use the trade secret information without the express or implied consent of TekGar.

58. Virginia's Uniform Trade Secret Act as set forth in Title 59.1 of the Code of Virginia prohibits the misappropriation of trade secrets. Misappropriation involves the disclosure or use of another's trade secret without express or implied consent by a person who knew that the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limits its use.

59. SBS has misappropriated TekGar's trade secret information by using TekGar's trade secret information without TekGar's express or implied consent, and as a result, TekGar has been injured and is entitled to damages.

60. TekGar will also suffer irreparable harm unless SBS's misappropriation is enjoined by this Court.

WHEREFORE, TekGar requests that the Court:

(a) Enter judgment in favor of TekGar and against SBS on all causes of action brought forth in this complaint;

(b) Preliminarily and permanently enjoin SBS from further infringement of the '282 Patent;

(c) Preliminarily and permanently enjoin SBS from further misappropriation of TekGar's trade secret information;

(d) Award TekGar compensatory and special damages in an amount to be determined at trial;

(e) Find that SBS's infringement has been willful and award treble damages pursuant to 35 U.S.C. § 284;

(f) Find this to be an exceptional case under 35 U.S.C. § 285 and award TekGar its attorneys' fees and costs incurred in connection with this action;

(g) Otherwise award TekGar its attorneys' fees and costs;

(h) Award TekGar its prejudgment and post judgment interest on its damages;

(i) Award TekGar its costs; and

(j) Award TekGar such other and further relief as this Court deems just and appropriate.

## **JURY DEMAND**

TekGar demands a trial by jury for all issues so triable.

Dated: August 6, 2013

Respectfully Submitted,

*/s/ Eric C. Rusnak*

Eric C. Rusnak (VA Bar #65895)
K&L GATES LLP
1601 K Street, NW
Washington, DC 20006
Tel: 202-778-9000
Fax: 202-778-9100
eric.rusnak@klgates.com

*Attorneys for Plaintiff TekGar, LLC*

*Of Counsel:*

William J. Simonitsch
K&L GATES LLP
Southeast Financial Center
Suite 3900
200 South Biscayne Blvd.
Miami, FL 33131
Tel: 305-539-3300
Fax: 305-358-7095
william.simonitsch@klgates.com

Sara N. Kerrane
K&L GATES LLP
1 Park Plaza
Twelfth Floor
Irvine, CA 92614
Tel: 949-253-0900
Fax: 949-253-0902
sara.kerrane@klgates.com